# Dobbs v. Peoples State Bank.

(Decided June 23, 1936.)

SMITH & ELLIS for appellant.

TAYLOR & MILAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

Alleging that prior to June 6, 1932, he deposited in the Peoples State Bank the sum of $800, and that since that time the bank had refused to honor his checks in any amount except the sum of $40 paid to him on September 8, 1934, A. P. Dobbs brought this action against the bank to recover the balance due on the deposit. The bank filed an answer in four paragraphs. The first paragraph was a general denial. The second paragraph pleaded a reorganization of the bank. The third paragraph pleaded laches and estoppel. The fourth paragraph asserted an attorney's fee on the ground that the assets of the bank prior to June 6, 1932, constituted a trust fund and the cost of the litigation should be paid out of the fund. Later on the bank filed an amended answer, set-off, and counterclaim containing additional allegations concerning the reorganization of the bank, etc. The court overruled the demurrer to the answer and amended answer except as to the fourth paragraph of the original answer praying an attorney's fee, to which the demurrer was sustained. Plaintiff having declined to plead further, his petition was dismissed. Plaintiff appeals, and defendant has prosecuted a cross-appeal.

Briefly stated, the facts pleaded in the original answer are as follows: Owing to the depression, the bank was forced to close and suspend payment to the depositors, with the exception of 5 per cent. per month, which it was unable to meet. It was closed and sus-

pended for the purpose of reorganization. A reorganization committee was appointed and prepared a plan which was approved by depositors having 75 per cent. in amount of all deposits in the bank exclusive of deposits of less than $25 each. It was also submitted to and approved by the commissioner of banking in writing. On July 30, 1932, the bank's articles of incorporation were amended so as to put the reorganization plan into effect. Under the reorganization plan the assets owned prior to June 6, 1932, were placed in what was known as Depositor's Refunding Account, and there was issued to each depositor a Depositor's Refunding Certificate on which a dividend was later paid. Each of the depositors also received a certain per cent. of his deposits in preferred stock, and plaintiff accepted the stock tendered him.

It is insisted that the reorganization is not valid for the reason that the facts pleaded do not show that the bank was closed within the meaning of the statute authorizing a reorganization. In this connection attention is called to the case of Bank of Murray v. Farmers' Bank of Hazel, 257 Ky. 251, 77 S. W. (2d) 624, holding that an insolvent bank can be closed in only two ways: (1) By voluntary act of the directors under section 19, c. 17, Acts 1932; or (2) by act of the banking commissioner as provided in that chapter. Whether that rule is applicable, in view of the fact that the statute authorizes the reorganization of a suspended as well as a closed bank, and the further fact that the banking commissioner approved the reorganization agreement, we deem it unnecessary to determine.

The reorganization of a bank is a matter of great public concern. When a reorganization plan is adopted it is highly important that not only the former depositors, creditors, and stockholders s h o u l d know whether or not the reorganization is effective, but that persons doing business with the reorganized bank should also know. For this reason a former depositor who wishes to attack the reorganization should do so promptly in order that others may not be misled to their prejudice. According to the answer the reorganization plan was adopted in 1932 and the bank's articles of incorporation were amended at that time to

carry the reorganization into effect, and appellant knew of the reorganization. Since that time the bank has operated as a reorganized bank. On the faith of the validity of the reorganization it has secured many new customers who have deposited large sums to their credit, and the deposit of each customer to the extent of $5,000 has been insured by the Federal Deposit Insurance Corporation. Though having actual knowledge of the reorganization, appellant did not act promptly, but brought this action more than three years after the reorganization was declared effective. In the meantime he acquiesced in the reorganization and reaped its benefits by accepting the Depositor's Refunding Certificate and the dividends declared thereon. To permit him to recover at this late date would subject the new depositors to the payment of his claim and work a hardship on all those who had been induced by his acquiescence and laches to rely on the validity of the reorganization. We are therefore constrained to the view that he is now estopped from recovering in this action, and that the demurrer to the plea of laches and estoppel was properly overruled.

On the cross-appeal it is insisted that the court erred in sustaining the demurrer to the fourth paragraph of the answer pleading that appellant's action was an attack upon a trust fund in which appellant was interested, and that the bank was entitled to recover of appellant the costs of the action including a reasonable attorney's fee. The argument is that, where the trustee is subjected to unnecessary litigation by the beneficiary of a trust fund, the cost of such litigation should be paid out of the fund. The action is not one to subject a trust fund. It is a suit to recover from the bank a certain sum of money and thereby subject the assets of the bank to that extent. In the circumstances there is no basis for the contention that the bank is entitled to recover of appellant a reasonable attorney's fee. It follows that the demurrer was properly sustained.

Judgment affirmed on both the original and cross-appeal.